[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kenneth Ryberg, instituted this action for breach of contract against the defendant, Gregory Songal, seeking specific performance of a real estate purchase agreement. The defendant has moved for summary judgment, claiming that the terms of the agreement support that it is just a binder and not an enforceable contract. The plaintiff has objected to this motion, and filed his own motion for summary judgment, alleging that purchase agreement does constitute a valid contract.
In May of 1998, the two parties executed a document entitled "Purchase Agreement," for the sale of a certain piece of real CT Page 5162 estate. The description of the real estate within the agreement is "92 Spooner Hill Rd., Kent, CT w/9.93 ± acres." The agreement sets forth the following terms and conditions of the sale: the total purchase price is $182,000 with $1,820 due as a binder at the time of executing the agreement, $16,380 due at the signing of a superseding contract, $18,200 due at the closing, and the remaining $145,600 due from a mortgage to be obtained by the plaintiff. The superseding contract was to be signed on or before June 5, 1998. The agreement also contained the following language: "This agreement to remain in force and effect and constitute a valid contract between parties hereto unless, or until, superseded by further contract between parties, incorporating detailed description of the property for adjustment of taxes, rent, interest, insurance premiums, etc." On June 1, 1998, the defendant notified the plaintiff that the matter was not in contract and that the intended sale would not take place. The plaintiff tendered $16,380 to the defendant on June 10, 1998, which the defendant immediately returned. This action, was then commenced by the plaintiff by Writ, Summons, and Complaint dated June 11, 1998.
Summary judgment is appropriate where "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book §17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) HertzCorp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998).
The plaintiffs one count complaint is based entirely on the May 18, 1998 agreement. The plaintiff alleges that this agreement was a binding contract for the sale of the property and that the defendant breached this contract by refusing to sell the property to the plaintiff.
In response, the defendant asserts numerous reasons why the agreement cannot be viewed as a legally enforceable contract for the sale of the property. The defendant states that the agreement authorized the parties to proceed with the sale only if they agreed to a superseding contract. To support this position, the defendant contends that the agreement fails to satisfy the statute of frauds. CT Page 5163
Whether the agreement bound the parties to consummate the sale of the property is largely a question of intent. The agreement will be unenforceable for this purpose if the intent of the parties was that they would not become bound to the sale until the execution of a formal contract. "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Mulligan v. Rioux, 229 Conn. 716, 740 (1994); GatewayCo. v. DiNoia, 232 Conn. 223, 229 (1995). In this case, the language used in the agreement is not definitive, as the conflicting clause allow for multiple interpretations. As such, the issue of intent is a material fact which cannot be resolved by this court at this time.
"In ruling on a motion for summary judgment, the courts function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500 (1988). Since the court has found that there exists an issue of material fact, both the plaintiffs motion for summary judgment and the defendants motion for summary judgment must be denied.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE